# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **T.H.**

**No. 22-0461** (Monroe County 21-JA-24)

## MEMORANDUM DECISION

Petitioner Father K.H.[1] appeals the Circuit Court of Monroe County's May 5, 2022, order terminating his parental rights to T.H.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October of 2021, the DHHR filed a petition alleging that petitioner provided improper supervision, failed to follow a safety plan, engaged in substance abuse, and failed drug screens. The petition reported that, late one night, a neighbor found then five-year-old T.H. walking alone along Rt. 219, a highway with no sidewalks and a thirty-five-mile-per-hour speed limit. According to the petition, police retrieved the child from the neighbor and proceeded to petitioner's home where an officer "found meth and several drug paraphernalia items." The mother, who had been home alone with the child, admitted to using drugs and falling asleep. The petition further asserted that petitioner eventually admitted to using drugs recreationally, though he denied having a substance abuse problem. Child Protective Services initiated a safety plan that required petitioner, in pertinent part, to submit to random drug screens and to supervise visitation between T.H. and his mother. During the safety plan period, petitioner failed at least two drug screens, testing positive for six drugs, including fentanyl, methamphetamine, and opiates. Rather than accepting responsibility for his drug abuse, petitioner claimed the cup had been tampered with or that the results showed a false positive. In further violation of the safety plan, petitioner permitted T.H.'s mother to have unsupervised access to the child. Due to both parents' noncompliance, the DHHR removed the child from the home and filed the abuse and neglect petition.

---

[1]Petitioner appears by counsel John C. Anderson, II. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Amy L. Mann appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

In December of 2021, petitioner stipulated to neglecting T.H. by leaving him in the mother's care, knowing of her addiction to controlled substances. The court adjudicated petitioner of neglect and granted him a post-adjudicatory improvement period, the terms of which required him to participate in services, submit to a substance abuse treatment program and random drug screens, maintain appropriate housing and gainful employment, and continue visitation, among other requirements.

Petitioner did not attend his review hearing in March of 2022, although he was represented by counsel. During the hearing, the court heard evidence of his noncompliance, including his failure to participate in services, submit to further drug screening, attend the multidisciplinary team ("MDT") meetings, or maintain communication with his attorney. Based on the MDT's recommendation—and without objection—the court scheduled the dispositional hearing for later that month. Petitioner did not attend the dispositional hearing either, although he was again represented by counsel. Upon consideration of the evidence and the arguments of counsel, the court found that petitioner failed to obtain/maintain stable housing, submit to drug screens, participate in services, maintain contact with his service providers, or visit with T.H. Based on petitioner's clear noncompliance, the court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination was necessary for the welfare of the child. Accordingly, the circuit court terminated petitioner's parental rights to T.H.[3] It is from this order that petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in finding there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future, claiming that he tried contacting the DHHR on numerous occasions to no avail and that he had suffered a house fire, which hindered his ability to participate in services. We disagree as petitioner offers no evidence to support his assertions. Instead, the record clearly reflects that petitioner was given every opportunity to correct the conditions of abuse and neglect, yet he failed to participate in offered services and these proceedings. Moreover, petitioner tested positive on all drug screens to which he submitted, failed to enter a substance abuse treatment program, did not obtain/maintain stable housing, and forewent visitation with his son. Petitioner's clear noncompliance throughout the entirety of the case is strong evidence of his inability to correct the conditions of abuse and neglect. *See* W. Va. Code § 49-4-604(d)(3) (establishing that there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child"). Because the circuit court made the requisite findings based upon ample evidence to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare).

---

[3]All parents' parental rights have been terminated. The permanency plan is adoption in the current placement.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 5, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn